(148 App. Div. 241.)

LEVY v. ROTH.

(Supreme Court, Appellate Division, First Department.   December 29, 1911.)

SALES (§ 353*)—ACTIONS FOR PRICE—COMPLAINT—MATERIALITY OF ALLEGA-
     TIONS.

 A complaint, in an action for the price of goods sold under a written
order, specifying the goods and the prices therefor, which states a cause
of action for the reasonable value of the goods, without reference to
the order or the allegations with respect thereto, properly pleads the
order, though the goods delivered were not the entire quantity covered
by the order; and it is error to strike out the order, since, on the elim-
ination of the order, plaintiff must prove the reasonable value of the
goods, while, if the making of the order is admitted, he is relieved from
proving value, and since resort to the order to determine the rights of the
parties may be necessary.

 [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 995–1004; Dec.
Dig. § 353.*]

Appeal from Special Term, New York County.

Action by Archibald L. Levy against Ignatz Roth. From an order
striking out allegations of the complaint as irrelevant and redundant,
plaintiff appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,
SCOTT, and MILLER, JJ.

Michael Schaap (Edward Hymes, on the brief), for appellant.
Louis J. Vorhaus, for respondent.

LAUGHLIN, J.   The action is brought on an assigned claim for
goods alleged to have been sold and delivered by one Kulcke, plain-
tiff's assignor, to the defendant. The plaintiff alleges that on the 15th
day of February, 1909, the defendant gave an order to Kulcke in writ-
ing in German, a correct translation of which is annexed to and made
a part of the complaint, for certain cloth known as "Royal," and
agreed to pay therefor the sum of 3.30 marks per meter, and certain
other cloth known as "Gertrude," and agreed to pay therefor the sum
of 2.80 marks per meter. It appears by the translation that the order
was for 1,000 pieces of "Royal," to be 54 inches in width between
borders according to patterns submitted to defendant; that 150 pieces
were to be ready for delivery by a time specified, and that the goods
should be paid for in cash within 30 days from the invoice; that more
precise specifications of colors were to be transmitted by mail the day
after the order was given, and that the goods "must all be dry and
dry-pressed, with high gloss." The translation showed that the order
was for 500 pieces of the other goods, and gave similar particulars
with respect thereto. It also conditionally embraced an order for 500
pieces of goods known as "Ideal."

It is further alleged that on or about the 13th day of April, 1909,
Kulcke sold and delivered to the defendant, at his special instance and
request and *pursuant to said order,* 40 pieces of goods known as "Ger-
trude," containing 1,555.20 meters, and 168 pieces of the same goods
containing 6,720.20 meters, and 44 pieces of the goods known as "Roy-

al," containing 5,786.88 meters, and that on or about the 12th day of May, 1909, at the special instance and request of defendant, and pursuant to said order, Kulcke sold and delivered to defendant 16 pieces of the goods known as "Royal," containing 642.10 meters, and 36 pieces of the goods known as "Gertrude," containing 1,403.10 meters. The reasonable value of the goods is then alleged in marks the same as provided in the order, and it is averred that defendant promised and agreed to pay the said sum, less a discount of 5 per cent., which was expressly provided for in the order with respect, to the goods known as "Royal," but apparently not as to the other goods. The plaintiff then alleges the balance due over and above payments made, demand of payment, and the assignment of the claim to him.

The order from which the appeal is taken strikes out the order in writing and all allegations with respect thereto. It is quite true that the complaint sufficiently shows a cause of action to recover the *reasonable value* of goods sold and delivered to the defendant by the plaintiff's assignor without either the order in writing or the allegations with respect thereto; but, eliminating the allegations concerning the order in writing, it would be incumbent upon the plaintiff to prove the reasonable value of the goods, whereas the price which plaintiff seeks to recover is the purchase price specified in the order, and, if the making of the order be admitted by defendant, plaintiff will be relieved from further proof with respect to the value of the goods. Since the plaintiff claims that the goods were sold and delivered pursuant to an order in writing, although they are not the entire quantity of goods covered by the order, he is entitled to plead the contract under which they were sold and delivered, and is not required to rely upon an implied obligation to pay for goods received. It is eminently proper to plead the terms of the contract, even though that might not be necessary, for it is manifest that questions may arise with respect to the time of delivery or quantity or quality of goods that will necessarily require that resort be had to the contract to determine the rights of the parties.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.